UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ADRIAN GOUDELOCK, ) | |
| ) | |
| Petitioner, ) | Civil No. 5: 13-423-DCR |
| ) | |
| v. ) | |
| ) | |
| FRANCISCO QUINTANA, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Adrian Goudelock is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Goudelock has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] After reviewing the petition, the Court will deny the relief sought.[1]

On February 24, 2009, Goudelock was indicted in Buffalo, New York, for conspiracy to possess with intent to distribute five or more kilograms of cocaine and fifty or more grams of crack cocaine in violation of 21 U.S.C. § 846 and for distribution of fifty or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). On July 18, 2011, Goudelock signed a written

---

[1] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Goudelock's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

1

agreement to plead guilty to a one-count superseding indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of cocaine and 5 grams or more of crack cocaine in violation of 21 U.S.C. § 846. As part of the agreement, Goudelock and the government expressly agreed that: (a) Goudelock was subject to a base offense level of 28; (b) the government would not oppose a two-level reduction in the offense level for acceptance of responsibility; and (c) Goudelock's criminal history category was II. As a result of these stipulations, in Paragraph 10, the parties agreed that "the defendant's sentencing range would be a term of imprisonment of **70** to **87** months ..." (emphasis in original). Finally, in paragraph 17 Goudelock "waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 10, above, notwithstanding the manner in which the court determines the sentence." On December 19, 2011, the trial court sentenced Goudelock to a 70-month term of incarceration. Goudelock did not appeal that judgment and has not filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *United States v. Goudelock*, No. 1:09CR55-RJA-03 (W.D.N.Y. 2009).

In the petition presently before the Court, Goudelock contends that the trial court improperly determined his sentence by including a two-point enhancement for a "youthful offender adjudication that occurred more than five years prior to the instant offense. The two-point enhancement increased the sentencing guideline range in contravention of 4A1.2(D) ..." [Record No. 1-1, p. 2]

The Court will deny Goudelock's petition for three reasons. First, Goudelock's challenge to the method used by the trial court to determine the length of his sentence is one which he

2

could and should have pursued on direct appeal or in an initial motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). He may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Likewise, Goudelock may not invoke the savings clause of § 2255(e) to warrant consideration of his claims under § 2241. His claims are predicated upon the sentencing guidelines as written at the time of sentencing, and thus are ordinary claims of trial error. Because he does not point to a Supreme Court decision issued after his conviction became final which announced a new rule of statutory construction applicable to his claims, resort to § 2241 is not permitted. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012).

Second, Goudelock's challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause found in 28 U.S.C. § 2255(e). *United States v. Peterman*, 249 F.3d 458,462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims.").

Third, Goudelock may not collaterally attack the validity of his sentence where he expressly waived his right to do so in his plea agreement. The 70-month sentence Goudelock received was at the very bottom end of the guideline range he agreed to in Paragraph 10 of his

plea agreement, thus triggering the appeal waiver set forth in Paragraph 17 of that agreement. Such waivers are enforceable in habeas proceedings under § 2241, and preclude the assertion of the arguments Goudelock pursues here. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011); *Gonzalez v. Warden of MCC New York*, No. 12-Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013).

Accordingly, it is hereby **ORDERED** as follows:

1. Goudelock's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. A separate Judgment will be entered this date.

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 19th day of February, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge